JjLEON A. CANNIZZARO, JR., Judge.
The appellant, attorney Frank Bruno, appeals from a judgment of the Office of Workers’ Compensation Administration approving an attorney’s fee in the amount of $5,445.27.[1] Mr. Bruno contends that he is entitled to a fee of $6,000.00 pursuant to a contract between his client, Reuben Stewart, and himself and La. R.S. 23:1141(B), as in effect at the time the contract was executed.[2]
FACTS AND PROCEDURAL HISTORY
On May 22, 1997, Mr. Stewart contracted with Mr. Bruno for representation in connection with a worker’s compensation claim arising out of a work-related accident that occurred on December 28, 1994, while Mr. Stewart was employed by the State of Louisiana as a nurse at University Hospital. The contract set forth the attorney fee as follows (emphasis in original):
If the claim is based on Workmen’s Compensation Law, I assign and transfer an amount equal to the sum of all costs and expenses' of the litigation, including but not limited to photocopies *437 plus TWENTY (20%) PERCENT of my claim or suit subject to the limitations |2as set forth by Louisiana Workmen’s Compensation Statute.
Immediately under the foregoing printed paragraph, the following was handwritten: “20% 1st 20,000 10% [last word is illegible].”
In May 1999, Mr. Bruno filed a motion and order for approval of attorney fees after securing $5,547.36 in temporary total disability benefits for Mr. Stewart pursuant the Workers’ Compensation Act. Mr. Bruno requested a fee of $1,109.47, which amounted to twenty percent of the temporary total disability benefits received by Mr. Stewart.
On May 27, 1999, the workers’ compensation judge granted the motion, approving the $1,109.47 attorney fee and also granted a joint motion and order to dismiss the case without prejudice. Mr. Stewart and the State of Louisiana also executed a receipt, release, and indemnity agreement in which Mr. Stewart released the State from any and all past claims of workers’ compensation benefit payments through April 4, 1999 in connection with the work-related accident in exchange for $5,547.36, the amount of the temporary total disability benefits received by Mr. Stewart.
In his brief to this Court, Mr. Bruno now states his claim as follows:
Some years later [after the award of temporary total disability benefits], claimant [Stewart] through his attorney of record negotiated a settlement of his entire claim for $40,000.00. The order approving the settlement was signed December 10, 2003 along with the order approving an attorney fee for an amount less then [sic] the contractual fee requested, which was the statutory maximum as per R.S. 23:1141(b). The trial court only approved $5,445.27, rather then [sic] $6,000.00.
A Joint Petition to Compromise a Workers Compensation Claim approving a settlement was executed pursuant to which Mr. Stewart received the separate, | .-¡additional award in the amount of $40,000.00. Also, the record contains a motion for the approval of attorney fees on the alleged settlement, which includes the handwritten notation, “atty. fee is $5,445.27,” and the December 10, 2003 order approving an attorney’s fee in the amount of $5,445.27.
DISCUSSION
Mr. Bruno argues that the workers’ compensation judge erred in awarding less than the statutory fee on the alleged $40,000.00 settlement. Mr. Bruno speculates that the workers’ compensation judge reduced his fee by the amount of the attorney’s fees awarded to him in connection with Mr. Stewart’s award for temporary total benefits.[3]
Mr. Stewart has received compensation in the amount of $5,547.36 and in the amount of $40,000.00 for a total of $45,547.36. Based on the contract between Mr. Stewart and Mr. Bruno and on La. R.S. 23:1141(B), which is quoted in footnote 2, Mr. Bruno is entitled to twenty percent of the first $20,000.00 of the $ 45,-547.36 total award and ten percent of the remaining amount. The. remaining amount is $25,547.36. Therefore, Mr. Bruno is entitled to a total amount of $6,554.73 *438 in attorney’s fees.[4] He has already received attorney’s fees in the amount of $1,109.47 in connection with the $5,547.36 award. Therefore, he was entitled to receive an additional $5,445.27 in attorney’s fees in connection with the $40,000.00 award, and this is what the workers’ compensation judge awarded him. We find that the worker’s compensation judge’s award was correct.
| «CONCLUSION
Accordingly, for the reasons herein, the judgment of the Office of Workers’ Compensation Administration is affirmed.
AFFIRMED.
BELSOME, J., dissents with reasons.

. Mr. Bruno initially filed an application for supervisory writ. This Court found the attorney fee judgment to be a final appealable judgment and converted the writ to an appeal. The State of Louisiana neither answered the appeal nor filed an appellee brief.

. La. R.S. 23:1141(B), at the time Mr. Stewart contracted with Mr. Bruno, stated:
B. In no case shall the fees of an attorney who renders service for an employee coming under this Chapter exceed twenty percent of the first twenty thousand dollars and ten percent of the part of any award in excess of twenty thousand dollars.

. It appears to us that the workers' compensation judge deducted the amount awarded for temporary total disability benefits from the alleged $40,000.00 settlement ($40,-000.00-$5,547.36 = $34,452.64) and then awarded attorney’s fees of 20% on the first $20,000.00 and 10% of the remaining $14,452.64 ($4,000.00 + $1,445.27 = $ 5,445.27).

. Twenty percent of $20,000.00 and 10% of $25,547.36 is $6557.73.